```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

WEYAND & SON, INC.,

              Plaintiff,
v.                                    Case No. 8:14-cv-312-T-33TBM

NANCY GUZMAN,
              Defendant.
_____/
```

**ORDER**

This cause is before the Court pursuant to Plaintiff Weyand & Son, Inc.'s Motion for Default Judgment (Doc. # 7), which was filed on April 8, 2014. The Court grants the Motion as articulated below.

**I.   Background**

On February 6, 2014, Plaintiff Weyand & Son filed an action under Section 5(c)(5) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499b and 499e(c)(5). Therein, Weyand & Son alleged that it is "a Florida corporation with a principal place of business in Tampa, Florida, [] engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ('produce') in interstate commerce . . . and was . . . a dealer subject to and licensed under the provisions of the PACA." (Doc. # 1 at ¶ 3).

Weyand & Son asserts that Defendant Nancy Guzman, the

owner of a bankrupt entity known as N.G. Fresh, accepted $67,758.00 "worth of wholesale quantities of produce" between November 11, 2013, and December 10, 2013, but failed to pay Weyand & Son for the same. (Id. at ¶¶ 6-12). Weyand & Son also asserts:

> At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendant since the creation of the trust.

(Id. at ¶ 8). Weyand & Son explains that it "preserved its interest in the PACA trust in the unpaid amount of $67,758.00 by sending invoices to N.G. Fresh and Defendant containing the language required by 7 U.S.C. § 499e(c)(4), and remains a beneficiary until full payment is made for the produce." (Id. at ¶ 9).

In Count One of the Complaint, titled "Unlawful Dissipation of Trust Assets by a Corporate Official," Weyand & Son indicates that Guzman "was the President and 100% shareholder of N.G. Fresh during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiff." (Id. at ¶ 14). Weyand & Son also contends that Guzman "failed to direct N.G. Fresh to

2

fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the [p]roduce it supplied," and that Guzman's failure to do so "was an unlawful dissipation of trust assets by a corporate official." (Id. at ¶¶ 15-16). In Count Two of the Complaint, Weyand & Son seeks prejudgment interest at the rate of 18% per annum and attorneys' fees.

Weyand & Son effected service of process on Guzman via personal service on February 13, 2014. (Doc. # 4). Guzman failed to file a responsive pleading to the Complaint. On April 3, 2014, Weyand & Son filed a motion for entry of Clerk's default. (Doc. # 5). The Clerk entered a default against Guzman pursuant to Rule 55(a), Fed.R.Civ.P., on April 4, 2014. (Doc. # 6). Thereafter, Weyand & Son filed the present Motion on April 8, 2014.

## II. **Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise

3

appear pursuant to Federal Rule of Civil Procedure 55(b)(2); <u>DirecTV, Inc. v. Griffin</u>, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. <u>See</u> <u>Tyco Fire & Sec. LLC v. Alcocer</u>, 218 F. App'x 860, 863 (11th Cir. 2007)(citing <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. <u>Id.</u> A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. <u>Id.</u>

**III. The Perishable Agricultural Commodities Act**

As explained in <u>Red's Market v. Cape Canaveral Cruise Line, Inc.</u>, 181 F. Supp. 2d 1339, 1341-42 (M.D. Fla. 2002), a case finding the individual principals of a cruise ship liable for non-payment with respect to produce under PACA, the court explained:

> Congress enacted PACA in 1930 to regulate trading in perishable agricultural products with the intent of preventing unfair business practices and promoting financial responsibility in the fresh fruit and produce industry. To this end, PACA requires that dealers make prompt and full payment for their produce purchases. In 1984, troubled by

4

> the practices of some dealers, Congress amended the Act, adding section 499e(c)(2), which provides additional protection for the sellers of fruits and vegetables. Under this provision, the agricultural commodities, products derived from the produce, and proceeds from the sale of such items are subject to a statutory trust for the benefit of the seller until full payment is made to the seller by the dealer.

Id. (internal citations omitted). The court also emphasized that "by enacting section 499e(c)(2), Congress intended that PACA trusts remain in effect until full payment is made by the purchaser of agricultural commodities." Id. at 1342.

As to the issue of individual liability for corporate officers, such as Guzman, the Red's Market court noted that "those who are in a position to control PACA trust assets, and who breach their duty to preserve those assets, may be held personally liable under the act." Id. at 1344 (citing Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997)). The Red's Market court also explained that "it is appropriate to impose personal liability on shareholders, officers, and directors of corporate buyers who are in a position to control PACA trust assets and fail to maintain the assets." Id. (citing Golman-Hayden Co. v. Fresh Source Produce, Inc., 217 F.3d 348, 350 (5th Cir. 2000)). Additionally, "a shareholder who was in a position to protect trust assets but failed to do so would be personally liable for the unpaid debt for produce"

5

regardless of whether the failure was intentional or whether the individual was an otherwise responsible corporate officer. Id. (citing Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F. Supp. 346 (S.D.N.Y. 1993)).

In Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir. 2004), the court also noted that PACA "unambiguously encompasses not only the price of the commodities but also additional related expenses, [which] include attorneys fees and interest that buyers and sellers have bargained for in their contracts." In addition, "[i]f the invoices for the products contain language providing for attorney fees, reasonable attorney fees may be recovered." Covenant Tomato Sales, Inc. v. Suttles, No. 2:10-cv-337-FtM-29DNF, 2011 U.S. Dist. LEXIS 97812, at *6 (M.D. Fla. Aug. 31, 2011).

## IV. Default Judgment Analysis

Weyand & Son moves for the entry of default judgment and indicates that Guzman is not an infant, an incompetent person, or in the military service of the United States. (Doc. # 7 at ¶ 6). Weyand & Son has supported the Motion for Default Judgment with the declaration of Richard Weyand (Chief Financial Officer of Weyand & Son), a copy of Weyand & Son's PACA dealer license, numerous invoices supporting its claim,

as well as other relevant documents.

The invoices supporting the amount claimed are before the Court and Mr. Weyand explains that such invoices were "made in the ordinary course of business . . . at or near the time of the occurrence of the event of which they are a record. These business records are made by me or under my direction and supervision." (Weyand Decl. Doc. # 7 at ¶ 5). Each invoice contains a provision for the payment of 18% interest, attorneys' fees, and costs. (See, e.g., Doc. # 1-1 at 7).

Mr. Weyand further states that "Nancy Guzman and N.G. Produce have failed to make any payment under the trust provisions of the PACA, and the balance of $67,758.00, plus interest of $5,321.35 and attorneys' fees of $5,011.25 are due and owing." (Id. at ¶ 12).

Based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the Complaint, and Mr. Weyand's declaration and supporting documentation, the Court determines that a default judgment is warranted as to the unpaid invoices and interest. Guzman is liable for the balance of the invoices, which is $67,758.00, plus interest of $5,321.35 (which is 7.853 of the invoiced amount).[1] The Court

---

[1] While Weyand & Son has repeatedly claimed that it is entitled to interest at the rate of 18%, the amount of

7

further determines that a hearing as to these sums is not needed because the damages are capable of accurate and ready mathematical computation or ascertainment. Indeed, counsel has supplied a chart for the Court's convenience which catalogues the amount of each invoice and the interest claimed for such amount. (Doc. # 7 at 41).

However, Weyand & Son has not provided any support for the claimed attorneys' fees and costs of $5,011.25. Weyand & Son may renew its request for attorneys' fees and costs via separate motion to be filed within 14 days of the date of this Order. Any motion requesting fees and costs should describe the resources allocated to this case including the number of hours expended on the prosecution of this case and the hourly rate of the billing attorney. In addition, any motion requesting fees and costs should include a detailed fee and cost ledger.

Accordingly, the Court directs the Clerk to enter a final default judgment against Guzman in the amount of $73,079.35 ($67,758.00 + $5,321.35 = $73,079.35). After entry of the

---

interest Weyand & Son has requested in the Motion for Default Judgment, $5,321.35, represents 7.853% of the unpaid balance of $67,758.00.

judgment, the Clerk shall close this case.[2]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Weyand & Son, Inc.'s Motion for Default Judgment (Doc. # 7) is **GRANTED** consistent with the foregoing.

(2) Weyand & Son, Inc. may renew its request for attorneys' fees and costs within 14 days of the date of this Order.

(3) The Clerk is directed to enter judgment in favor of Weyand & Son, Inc. and against Nancy Guzman in the amount of **$73,079.35.**

(4) The Clerk shall thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of April, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record

---

[2] The Court will address the matter of attorneys' fees and costs, if raised in an appropriate and timely motion, regardless of whether, at the time such motion is filed, this case has been closed by the Clerk.